IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

JANICE SMITH                                                                                          PLAINTIFF

v.                                    CIVIL NO. 15-5291

NANCY A. BERRYHILL,[1] Commissioner
Social Security Administration                                                          DEFENDANT

**MEMORANDUM OPINION**

Plaintiff, Janice Smith, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying her claims for a period of disability and disability insurance benefits (DIB) under the provisions of Title II of the Social Security Act (Act). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. See 42 U.S.C. § 405(g).

**I.     Procedural Background:**

Plaintiff protectively filed her current application for DIB on October 26, 2012, alleging an inability to work since August 17, 2012, due to heart problems, Diabetes Type II, high blood pressure, restless leg, congestive heart failure, renal insufficiency, sleep apnea, anemia, and thyroid problems. (Doc. 13, pp. 75, 174). For DIB purposes, the ALJ found Plaintiff maintained insured status through December 31, 2012.[2] (Doc. 13, p. 25). An

---

[1] Nancy A. Berryhill, has been appointed to serve as acting Commissioner of Social Security, and is substituted as Defendant, pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure.

[2] As discussed in the Appeals Council's findings, Plaintiff's date last insured was December 31, 2013.

1

administrative video hearing was held on December 19, 2013, at which Plaintiff appeared with counsel and testified. (Doc. 13, pp. 39-68).

By written decision dated September 18, 2014, the ALJ found that through December 31, 2012, the date last insured, Plaintiff had an impairment or combination of impairments that were severe. (Doc. 13, p. 27).  Specifically, the ALJ found that through her date last insured, Plaintiff had the following severe impairments: coronary artery disease status post-stenting; congestive heart failure; diabetes mellitus; hypertension; obesity; osteoarthritis; right calcaneal spurs; anemia; vertigo; hypothyroidism; and renal insufficiency. However, after reviewing all of the evidence presented, the ALJ determined that through the date last insured, Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4.  (Doc. 13, p. 28).  The ALJ found that through the date last insured Plaintiff retained the residual functional capacity (RFC) to:

> perform sedentary work as defined in 20 CFR 404.1567(a) except she could only occasionally climb ramps/stairs, could never climb ladders/ropes/scaffolds, could only occasionally balance, stoop, kneel, and crouch, could never crawl, and had to avoid concentrated exposure to hazards, including no driving as part of work.

(Doc. 13, p. 29).  With the help of a vocational expert, the ALJ determined that through the date last insured, Plaintiff could perform her past relevant work as a telephone order clerk and a telephone sales representative.  (Doc. 13, pp. 33-34).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which granted Plaintiff's request for review on September 14, 2015.  (Doc. 13, pp. 12-14). In a decision dated October 23, 2015, the Appeals Council adopted the ALJ's findings or

conclusions regarding whether Plaintiff was disabled. (Doc. 13, pp. 5-11). The Appeals Counsel founds as follows:

> The Administrative Law Judge's findings under steps one, two, three, and four of the sequential evaluation; namely, that the claimant has not engaged in substantial gainful activity since August 17, 2012, that the claimant has severe impairments which do not meet or equal in severity an impairment in the Listing of Impairments, and that she is capable of performing past relevant work.
>
> The Administrative Law Judge found that the claimant was last insured through December 31, 2012 and determined that she was not disabled from the alleged onset date, August 17, 2012, through December 31, 2012 (Finding 1). However, the Appeals Council finds that the claimant was last insured through December 31, 2013. The Appeals Council also finds that the claimant was not disabled from January 1, 2013 through the date last insured, December 31, 2013.
>
> The evidence currently of record from January 1, 2013 through December 31, 2013 does not show a significant change in the claimant's condition during that time. Therefore, the Administrative Law Judge's findings are supported through December 31, 2013. The claimant was not disabled at any time through December 31, 2013.

(Doc. 9, pp. 8-10).

Subsequently, Plaintiff filed this action. (Doc. 1). This case is before the undersigned pursuant to the consent of the parties. (Doc. 8). Both parties have filed appeal briefs, and the case is now ready for decision. (Docs. 18, 19).

The Court has reviewed the entire transcript. The complete set of facts and arguments are presented in the parties' briefs, and are repeated here only to the extent necessary.

**II.   Applicable Law:**

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Ramirez v. Barnhart, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must

3

be affirmed if the record contains substantial evidence to support it. Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. Young v. Apfel, 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity. Pearsall v. Massanari, 274 F.3d 1211, 1217 (8th Cir. 2001); see also 42 U.S.C. § 423(d)(1)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3). A Plaintiff must show that her disability, not simply her impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require her to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing her claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the

national economy given her age, education, and experience. See 20 C.F.R. § 404.1520. Only if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of her residual functional capacity. See McCoy v. Schweiker, 683 F.2d 1138, 1141-42 (8th Cir. 1982), abrogated on other grounds by Higgins v. Apfel, 222 F.3d 504, 505 (8th Cir. 2000); 20 C.F.R. § 404.1520.

### III. Discussion:

Plaintiff argues the following issues on appeal: 1) the ALJ's decision at step four that Plaintiff is not disabled because she can perform her past relevant work is not supported by substantial evidence on the record as a whole.

#### A. Insured Status and Relevant Time Period:

In order to have insured status under the Act, an individual is required to have twenty quarters of coverage in each forty-quarter period ending with the first quarter of disability. 42 U.S.C. § 416(i)(3)(B). Plaintiff last met this requirement on December 31, 2013. Regarding Plaintiff's application for DIB, the overreaching issue in this case is the question of whether Plaintiff was disabled during the relevant time period of August 17, 2012, her alleged onset date of disability, through December 31, 2013, the last date she was in insured status under Title II of the Act.

In order for Plaintiff to qualify for DIB she must prove that on or before the expiration of her insured status she was unable to engage in substantial gainful activity due to a medically determinable physical or mental impairment which is expected to last for at least twelve months or result in death. Basinger v. Heckler, 725 F.2d 1166, 1168 (8th Cir. 1984). Records and medical opinions from outside the insured period can only be used in "helping to elucidate a medical condition during the time for which benefits might be rewarded." Cox v. Barnhart,

471 F.3d 902, 907 (8th Cir. 2006) (holding that the parties must focus their attention on claimant's condition at the time she last met insured status requirements).

### B. Subjective Complaints and Symptom Evaluation:

The ALJ was required to consider all the evidence relating to Plaintiff's subjective complaints including evidence presented by third parties that relates to: (1) Plaintiff's daily activities; (2) the duration, frequency, and intensity of her pain; (3) precipitating and aggravating factors; (4) dosage, effectiveness, and side effects of her medication; and (5) functional restrictions. See Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir. 1984). While an ALJ may not discount a claimant's subjective complaints solely because the medical evidence fails to support them, an ALJ may discount those complaints where inconsistencies appear in the record as a whole. Id. As the Eighth Circuit has observed, "Our touchstone is that [a claimant's] credibility is primarily a matter for the ALJ to decide." Edwards, 314 F.3d at 966.

After reviewing the administrative record, it is clear that the ALJ properly considered and evaluated Plaintiff's subjective complaints, including the Polaski factors. A review of the record reveals that Plaintiff was able to take care of her personal needs; do light household chores; prepare simple meals; drive; shop for groceries; go out to eat or shopping with others every couple of weeks; and read and watch television daily, and sometimes sew, play the piano and play games. The record further revealed that Plaintiff reported not feeling well after moving and deep cleaning her house while her husband was in the hospital. (Doc. 13, p. 534). Plaintiff testified at the December 19, 2013 administrative hearing, that she would help her husband with his breathing treatments, putting on his socks, and driving him to his doctor appointments. (Doc. 13, p. 61).

6

Therefore, although it is clear that Plaintiff suffers with some degree of limitation, she has not established that she is unable to engage in any gainful activity prior to the expiration of her insured status. Accordingly, the Court concludes that substantial evidence supports the Appeals Council's conclusion that Plaintiff's subjective complaints were not totally credible.

### C.   ALJ's RFC Determination and Medical Opinions:

RFC is the most a person can do despite that person's limitations. 20 C.F.R. § 404.1545(a)(1). It is assessed using all relevant evidence in the record. Id. This includes medical records, observations of treating physicians and others, and the claimant's own descriptions of her limitations. Guilliams v. Barnhart, 393 F.3d 798, 801 (8th Cir. 2005); Eichelberger v. Barnhart, 390 F.3d 584, 591 (8th Cir. 2004). Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. § 404.1545(a)(3). The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." Lauer v. Apfel, 245 F.3d 700, 704 (8th Cir. 2001). Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace. Lewis v. Barnhart, 353 F.3d 642, 646 (8th Cir. 2003). "[T]he ALJ is [also] required to set forth specifically a claimant's limitations and to determine how those limitations affect his RFC." Id.

"[A] treating source's opinion is not inherently entitled to controlling weight." Myers v. Colvin, 721 F.3d 521, 525 (8th Cir. 2013). A treating physician's opinion "is entitled to controlling weight only to the extent it is consistent with medically acceptable clinical or laboratory diagnostic data." Casey v. Astrue, 503 F.3d 687, 692 (8th Cir. 2007). "It is well established that an ALJ may grant less weight to a treating physician's opinion when that opinion conflicts with other substantial medical evidence contained within the record." Prosch

7

v. Apfel, 201 F.3d 1010, 1014–15 (8th Cir. 2000). "When an ALJ discounts a treating physician's opinion, he should give good reasons for doing so." Brown v. Astrue, 611 F.3d 941, 951–52 (8th Cir. 2010) (citation omitted).

In the present case, the ALJ considered the medical assessments of examining and non-examining agency medical consultants, Plaintiff's subjective complaints, and her medical records when he determined Plaintiff could perform sedentary work with limitations during the time period in question.  The Court notes that in determining Plaintiff's RFC, the ALJ discussed the medical opinions of examining and non-examining medical professionals, and set forth the reasons for the weight given to the opinions. Renstrom v. Astrue, 680 F.3d 1057, 1065 (8th Cir. 2012) ("It is the ALJ's function to resolve conflicts among the opinions of various treating and examining physicians")(citations omitted); Prosch v. Apfel, 201 F.3d 1010 at 1012 (the ALJ may reject the conclusions of any medical expert, whether hired by the claimant or the government, if they are inconsistent with the record as a whole).

In making this RFC determination, the ALJ considered and gave little weight to Plaintiff's primary care physician, Dr. Anna Eremieva, who in December of 2013, opined that due to Plaintiff's various medical conditions she would be unable to sit for any period of time without her legs being propped up due to severe edema.  After review, the Court finds that the ALJ gave good and well-supported reasons for declining to give controlling weight to Dr. Eremieva's opinion.  See Goff v. Barnhart, 421 F.3d 785, 790–91 (8th Cir. 2005) ("[A]n appropriate finding of inconsistency with other evidence alone is sufficient to discount [the treating physician's] opinion.").  Based on the record as a whole, the Court finds substantial evidence to support the Appeals Council's RFC determination for the time period in question.

8

### D. Past Relevant Work:

Plaintiff has the initial burden of proving that she suffers from a medically determinable impairment which precludes the performance of past work. Kirby v. Sullivan, 923 F.2d 1323, 1326 (8th Cir. 1991). Only after the claimant establishes that a disability precludes the performance of past relevant work will the burden shift to the Commissioner to prove that the claimant can perform other work. Pickner v. Sullivan, 985 F.2d 401, 403 (8th Cir. 1993).

According to the Commissioner's interpretation of past relevant work, a claimant will not be found to be disabled if she retains the RFC to perform:

> 1. The actual functional demands and job duties of a particular past relevant job; *or*
>
> 2. The functional demands and job duties of the occupation as generally required by employers throughout the national economy.

20 C.F.R. §§ 404.1520(e); S.S.R. 82-61 (1982); Martin v. Sullivan, 901 F.2d 650, 653 (8th Cir. 1990)(expressly approving the two part test from S.S.R. 82-61).

The Court notes in this case the ALJ relied upon the written interrogatories of a vocational expert, who after reviewing the ALJ's proposed hypothetical question which included the limitations addressed in the RFC determination discussed above, opined that the hypothetical individual would be able to perform Plaintiff's past relevant work. See Gilbert v. Apfel, 175 F.3d 602, 604 (8th Cir. 1999) ("The testimony of a vocational expert is relevant at steps four and five of the Commissioner's sequential analysis, when the question becomes whether a claimant with a severe impairment has the residual functional capacity to do past relevant work or other work") (citations omitted). Accordingly, the Court finds substantial evidence to support the Appeals Council's finding that Plaintiff could perform her past relevant

9

work as a telephone order clerk as actually and generally performed in the national economy during the time period in question.

### IV.    Conclusion:

Accordingly, having carefully reviewed the record, the undersigned finds substantial evidence supporting the ALJ's decision denying the Plaintiff benefits, and thus the decision should be affirmed.  The undersigned further finds that the Plaintiff's Complaint should be dismissed with prejudice.

DATED this 16th day of March, 2017.

/s/ *Erin L. Setser*
HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE